Adolphus R. HENDRICKS, Plaintiff,

v.

Jay SOLOMON, Administrator, General Services Administration, Defendant.

No. 78–708C(1).

United States District Court,
E. D. Missouri, E. D.

July 16, 1979.

---

Edward L. Welch, Belleville, Ill., Harold L. Whitfield, St. Louis, Mo., for plaintiff.

---

Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, Chief Judge.

This matter was tried to the Court without any testimony, based on the administrative record which includes the original investigative file concerning this matter, affidavits, statements, documents and exhibits, and the transcript of testimony in a hearing held March 15, 1978. Pursuant to this record, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Plaintiff Adolphus R. Hendricks is a black male residing in the Eastern District of Missouri.

2. On November 15, 1972, plaintiff received a career conditional appointment to the position of carpenter. This appointment was converted to career tenure on December 17, 1975.

3. In the early part of 1977, the plaintiff was doing carpentry work for G.S.A. in remodeling the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms' offices in the U. S. Court and Custom building at 1114 Market Street, St. Louis, Missouri.

4. On April 22, 1977, Adolphus R. Hendricks was stopped for speeding by John R. Sullivan, a Hanley Hills police officer, in Hanley Hills, Missouri. Plaintiff identified himself as an A.T.F. agent and stated that he was on duty and should not be given a ticket. Nevertheless, a citation was issued.

5. On May 19, 1977, at a hearing before Judge Kemper Coffelt, Hanley Hills Municipal Court, the plaintiff again identified himself as an agent for the A.T.F. The court took under advisement the question of whether or not he would find the plaintiff guilty of speeding and advised the plaintiff that he would also consider his employment. Thereafter, Judge Coffelt contacted the A.T.F. office and discovered that the plaintiff was not an agent with A.T.F.

6. On June 16, 1977, plaintiff had been advised to appear in court at a time certain. He failed to appear and the court sent police officers out to bring him into court, which was done. Plaintiff again advised Judge Coffelt that he was an agent for the Bureau of Alcohol, Tobacco and Firearms. Two officers of the Bureau of Alcohol, Tobacco and Firearms were present and after a fine was imposed on the plaintiff these A.T.F. agents questioned him and the plaintiff admitted that he had told police officer Sullivan and Judge Coffelt that he was an A.T.F. agent.

7. On June 27, 1977, G.S.A. field office investigation tried to interview the plaintiff. At plaintiff's request the matter was delayed until June 29, 1977. On June 29, 1977, Hendricks was represented by counsel and the interview was continued to July 7, 1977. On July 7, 1977, the plaintiff refused to answer questions and he and his attorney left in the middle of the interview.

8. On September 10, 1977, plaintiff was notified of a proposal to remove him from his position as a carpenter. By letter dated November 1, 1977, from the Regional Commissioner of the Public Buildings Service, G.S.A., plaintiff was advised that he was removed from his position with G.S.A. effective November 11, 1977.

9. This removal was appealed by letter of November 21, 1977, to the United States Civil Service Commission.

10. The Civil Service Commission conducted hearings and on June 13, 1978, found that plaintiff Hendricks' removal was not unreasonable, arbitrary or capricious, and was for such cause as would promote the efficiency of the Service. The appeal was denied. Thereafter, on July 14, 1978, plaintiff filed his complaint in this Court.

11. The plaintiff denies that he ever represented himself to be an agent of the Bureau of Alcohol, Tobacco, and Firearms, and alleges that his removal was because of his race and that he was being harassed.

12. The United States Attorney refused to criminally prosecute the plaintiff under

the provisions of 18 U.S.C. § 912 which provides a maximum penalty of three years and a $1,000 fine.

13. The plaintiff also complains about a difference in treatment between himself and a white person who was employed by G.S.A., Raymond Samples. Raymond Samples was certified as a mentally retarded person and stole $0.25 from the employees' coffee funds in the Internal Revenue Service. He was given a five-day suspension without pay and transferred to a different building.

14. The facts in this record are abundantly clear that plaintiff did in fact represent himself on three separate occasions to be an agent for the Bureau of Alcohol, Tobacco and Firearms. The record is also abundantly clear that plaintiff was removed because of this representation and his removal had no relation to his race.

CONCLUSIONS OF LAW

1. The Court has jurisdiction pursuant to 42 U.S.C. § 2000e–16. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b) in that the plaintiff resides in said district.

2. Plaintiff is entitled to a trial *de novo* on the issue of racial discrimination. *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976).

3. This Court finds and concludes that the evidence is overwhelming that the agency's decision to remove the plaintiff was supported by substantial evidence; it was not arbitrary and capricious, and that plaintiff was not discharged because of his race but only because on three separate occasions he represented himself to be an agent of the Bureau of Alcohol, Tobacco and Firearms.

4. A comparison of the punishment given to a white employee who is mentally retarded for stealing $0.25 from the employee's coffee fund in the I.R.S. and receiving a five-day suspension, when compared with the conduct of the plaintiff, for which he was given a discharge, does not in any way indicate any difference in treatment between whites and blacks by the agency.

5. This Court is of the opinion that the plaintiff did not make a prima facie case, and if it could be concluded that he did, that has amply been rebutted by the records and exhibits reviewed by the Court.

6. Plaintiff's complaint will be dismissed with prejudice at his cost.